2006-NMSC-024

134 P.3d 769

Inquiry Concerning a Judge, No. 2004–011, IN THE MATTER OF HONORABLE WILLIAM A. McBEE, District Judge, Fifth Judicial District, New Mexico.

No. 29,265.

Supreme Court of New Mexico.

May 16, 2006.

James A. Noel, Esq., Randall D. Roybal, Esq., Albuquerque, N.M., for Judicial Standards Commission.

Law Offices of Templeman and Crutchfield C. Barry Crutchfield, Esq., Lovington, N.M., for Respondent.

## FORMAL REPRIMAND AND OPINION

PER CURIAM.

{1} This matter has come before the Court twice following disciplinary proceedings in the Judicial Standards Commission concerning the Honorable William A. McBee (Respondent). After the Commission filed its first petition for discipline upon stipulation in this Court, we set the matter for oral argument. During oral argument, disputes arose regarding the findings of fact and conclusions of law issued by the Commission, which Respondent ostensibly stipulated to in a contemporaneously filed stipulation agreement and consent to discipline with the Commission. As a result, upon request of the Commission's general counsel, we remanded this matter to the Commission for further proceedings.

{2} Upon remand, the Commission's general counsel, who was the examiner assigned to prosecute the disciplinary charges against Respondent, filed a motion for order to show cause why Respondent should not be held in contempt of the Commission for his alleged intentional misrepresentation of material facts during the hearing before this Court. The Commission also amended its notice of formal proceedings against Respondent to add a second count alleging violation of Commission rules and the Code of Judicial Conduct based on the same conduct at issue in the contempt motion. Both the motion and the second count of the amended notice of formal proceedings remain pending before the Commission and are not before this Court at this time. Accordingly, we express no opinion on the merits of those pending proceedings.

{3} Although the proceedings against Respondent remain pending before the Commission, the Commission nevertheless filed with this Court a second petition for discipline upon stipulation, which included findings of fact and conclusions of law based on a second stipulation agreement and consent to discipline between the Commission and Respondent. The pertinent findings of fact are summarized below. Following a second hearing before this Court, we granted the stipulated petition and ordered the stipulated discipline against Respondent. Among other

things, we ordered that Respondent receive a public reprimand, which we now issue in the form of this opinion.

## FACTUAL BACKGROUND

{4} These proceedings are the result of actions Respondent took in relation to a criminal proceeding filed in the Fifth Judicial District, where Respondent was at all times relevant to this matter, and is currently, a sitting district court judge. Specifically, the State of New Mexico filed a criminal information charging Tami Busch with two felony counts of trafficking cocaine and five felony counts of distribution of methamphetamine. The case was initially assigned to Judge Gary L. Clingman, who was excused from the case by Ms. Busch.

{5} The following day, Respondent was assigned the case. Respondent did not recuse himself from the case at that time. However, during the course of these proceedings Respondent stipulated "that he was aware that presiding over [Ms. Busch's] case could give, at a minimum, the appearance to a reasonable person that Respondent was not impartial in that matter on the basis of his personal relationship with Max Proctor, boyfriend to, and attorney for, [Ms. Busch], who subsequently became [Ms. Busch's] husband."

{6} At the arraignment, Ms. Busch pled no contest to all seven felony counts filed against her. Her plea was accepted at that time but did not contain an agreement as to sentencing, and Respondent ordered a presentence report at the conclusion of the hearing. The report concluded that Ms. Busch "was a drug dealer" and should be "held accountable for her actions." The pre-sentence report recommended sentencing Ms. Busch to 18 years for the cocaine charges and 15 years for the methamphetamine charges, to run consecutively for a total of 33 years. The report further recommended suspending all but 5 years, to be served in the Penitentiary of New Mexico, followed by 2 years mandatory parole.

{7} Upon review of the pre-sentence report and all factors surrounding the case, Respondent indicated at a sentencing hearing the following week that he would consider assigning Ms. Busch to participate in a new program, the Lea County Family Drug Court, in lieu of incarceration. However, Respondent continued the hearing to a future unspecified date because the Lea County Family Drug Court was not yet an available sentencing alternative for Ms. Busch.

{8} Approximately two months later, the chief judge for the Fifth Judicial District, the Honorable Jay Forbes, met with Respondent to discuss whether it would be proper for Respondent to preside over Ms. Busch's case because of the appearance of a personal bias. As the result of the meeting, they agreed that Respondent's continued involvement in Ms. Busch's case gave, at a minimum, the appearance that his integrity and impartiality was impaired. Respondent therefore recused from the case one week later.

{9} Following Respondent's recusal, the case was reassigned to Judge William P. Lynch, who set the matter for sentencing. Prior to the sentencing hearing, Ms. Busch requested that the State be bound by Respondent's comments during the previous sentencing hearing regarding family drug court. Specifically, Ms. Busch wanted to require Judge Lynch to order family drug court as a sentencing alternative for her. However, at the sentencing hearing, Judge Lynch indicated that he was not bound by Respondent's consideration of family drug court. At that point, Ms. Busch requested to withdraw her plea to all charges, since she pled no contest believing she would avoid incarceration and be sentenced to family drug court. Judge Lynch indicated that he was not inclined to allow Ms. Busch to withdraw her plea because there was no official court record memorializing any agreement on sentencing associated with her no contest plea. Nevertheless, Judge Lynch continued the sentencing hearing to allow Ms. Busch time to file any motions she believed were necessary to support her position that she should be sentenced to family drug court.

{10} When the sentencing hearing resumed, Ms. Busch argued that Respondent had already sentenced her to family drug court, that Respondent had improperly recused himself from her case, and that her case was not properly assigned to Judge

Lynch for sentencing purposes. Shortly after the sentencing hearing Judge Lynch recused himself from the case for procedural reasons and issued an order expressing concern that "Ms Busch [through her counsel] seemed unusually well-informed about matters outside the record in [her] case." Specifically, Judge Lynch noted that:

Defendant Busch [through her counsel] told me that, if I recuse, Judge McBee will enter an order that will withdraw the recusal he filed as being improvidently ordered. Defendant Busch further told me that Judge McBee does not think he should have recused from this case. Perhaps there was no *ex parte* contact because the case was no longer pending before Judge McBee, or perhaps Judge McBee thought no party would gain a procedural or tactical advantage as a result of the communications. Because Assistant District Attorney Terry Haake told me that he was not privy to those conversations, the conversations raise questions [of propriety] in my mind.

{11} Consistent with what Judge Lynch noted in his order, Respondent subsequently revoked his recusal from Ms. Busch's case in contravention of the agreement Respondent reached with Chief Judge Forbes. Respondent also accepted jurisdiction over sentencing, despite having acknowledged that his participation in Ms. Busch's case, at a minimum, gave the appearance of impropriety. Respondent now admits that his revocation of recusal and acceptance of jurisdiction in Ms. Busch's case gave, at a minimum, the appearance to a reasonable person that his integrity and impartiality were impaired. Nevertheless, Respondent ultimately deferred Ms. Busch's sentence for five years, ordered that she be placed on two years supervised probation, and allowed her to enroll in the Lea County Family Drug Court with the last three years of her deferral to be on unsupervised probation.

## DISCUSSION

{12} As Respondent concedes, his conduct violated several provisions of the Code of Judicial Conduct and constitutes willful misconduct in office. Indeed, at every turn, the choices Respondent made with regard to Ms. Busch's case were in conflict with his obligations under the Code of Judicial Conduct. And at the center of it all was Respondent's unwillingness to acknowledge the appearance of personal bias in favor of Ms. Busch and his failure to take action to eliminate any appearance of impropriety arising from his participation in Ms. Busch's case.

{13} For example, from the outset, Respondent should have recused when he was assigned to Ms. Busch's case in light of his personal relationship with her counsel and his acknowledgment that his continued involvement in the case would foster the appearance of impropriety. Instead, Respondent engaged in persistent attempts to remain involved in Ms. Busch's case even though he knew, and agreed, that he should not. By failing to step aside even though he knew he should, Respondent's conduct breached several fundamental ethical duties that every judge is obligated to uphold under the Code of Judicial Conduct. *See* Rule 21–100 NMRA ("A judge shall participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved."); Rule 21–200(A) NMRA ("A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."); Rule 21–200(B) NMRA ("A judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment."); Rule 21–400(A)(1) NMRA ("A judge is disqualified and shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where the judge has a personal bias or prejudice concerning a party or a party's lawyer or personal knowledge of disputed evidentiary facts concerning the proceeding.").

{14} We recognize that Respondent eventually conceded that his continued involvement in Ms. Busch's case would create, at a minimum, the appearance of impropriety. In fact Respondent initially agreed to recuse

from the case after his meeting with Chief Judge Forbes. But by ultimately breaching that agreement and reinserting himself in Ms. Busch's case, Respondent again displayed an ignorance of, or indifference to, basic judicial responsibilities embodied in our Code of Judicial Conduct. *See* Rule 21–300(C)(1) NMRA ("A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice, maintain professional competence in judicial administration and should cooperate with other judges and court officials in the administration of court business."). And by temporarily recusing only to reassert jurisdiction over Ms. Busch's case, even though he knew and agreed he should not, Respondent also breached his duty to perform his adjudicative responsibilities in a prompt, efficient, and fair manner. *See* Rule 21–300(B)(8) NMRA ("A judge shall dispose of all judicial matters promptly, efficiently, and fairly.")

{15} Perhaps most troubling are the indications that Respondent may have engaged in *ex parte* communications concerning his plans to reassert control over the sentencing of Ms. Busch. As noted above, Judge Lynch learned through Ms. Busch's attorneys that Respondent wanted to revoke his initial recusal and reassume jurisdiction over the case. But because the prosecutor was not aware of Respondent's plans, Judge Lynch was rightly concerned that Respondent may have engaged in *ex parte* communications. As evidenced by Respondent's conceded violations of the Code of Judicial Conduct, such actions are plainly at odds with a judge's duty to uphold the integrity and impartiality of the judicial system. *See* Rule 21–300(B)(7) NMRA ("A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding."). Although the prosecution did not object to Respondent's decision to revoke his recusal and ultimately accepted Respondent's authority to assume control over the sentencing of Ms. Busch, it does not ameliorate Respondent's ethical lapses nor does it make legitimate Respondent's ill-conceived plan to reassert control over Ms. Busch's case. *See* Rule 21–400(C) NMRA (providing that a judge who should be disqualified under the terms of the Code may ask the parties to agree to waive disqualification unless the basis for disqualification is personal bias or prejudice).

{16} In light of the foregoing, we agree that the stipulated disciplinary measures for Respondent's violations of the Code of Judicial Conduct are appropriate. Accordingly, Respondent, the Honorable William A. McBee, is hereby disciplined as follows:

a. Respondent shall receive a public reprimand, which shall be published in the *Bar Bulletin;*

b. Respondent shall recuse from the matter of *State v. Tami Busch,* CR–2002–378, as well as any additional current or future matters involving Ms. Busch, and all matters coming before Respondent in which attorney Max Proctor is a party or serves as counsel;

c. Respondent shall disclose to all parties appearing before him in matters in which attorney C. Barry Crutchfield appears as either a party or counsel to a party, all instances in which Mr. Crutchfield represented Respondent;

d. Respondent shall abide by all terms and conditions of the second stipulation and consent to discipline as well as the Code of Judicial Conduct;

e. Respondent shall abide by all orders, directives, guidelines, agreements, and rules issued by, or entered into with, the Chief Judge of the Fifth Judicial District;

f. Respondent shall pay a $1,000.00 fine to a non-profit drug treatment organization or affiliated state agency upon approval by this Court of the intended recipient;

g. Respondent shall pay $2,500.00 in cost reimbursement to the Judicial Standards Commission on or before November 30, 2005, by certified check made payable to the State of New Mexico. Respondent shall promptly file proof of payment with the Commission.

h. Respondent shall be suspended for seven (7) days without pay on or before February 2, 2006, in consultation with the Human Resources Division of the Administrative Office of the Courts;

486

i. Respondent shall be suspended for an additional thirty (30) days without pay, which shall be deferred for a period of one year and which shall be dismissed upon successful completion of a twelve-month (12) probationary period during which he shall have a mentor who shall monitor Respondent's docket and provide periodic reports to the Judicial Standards Commission. Upon successful completion of probation, the mentor shall certify to the Commission that Respondent has completed his probation. The thirty-day (30) suspension shall be imposed only by this Court by order following notice and opportunity to be heard; and

j. Respondent shall be held in contempt of the Judicial Standards Commission should he fail to comply with any one of the conditions and terms contained in this formal reprimand and opinion, the second stipulation agreement and consent to discipline, or the amended order of discipline entered by this Court on November 2, 2005.

{17} **IT IS SO ORDERED.**